UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO DEMETRIUS ANDREWS,

    Movant,

v.

    Case No. 1:16-cv-150

    HON. ROBERT J. JONKER

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **O P I N I O N**

This matter is before the Court on Movant Antonio Demetrius Andrews's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (ECF No. 1.) On July 15, 2016, the Government filed a response in opposition. (ECF No. 12.) On August 29, 2016, Movant filed a "motion to expand the record/motion to conduct discovery, and initiate application of rules governing 28 U.S.C. § 2255 proceedings." (ECF No. 17.) For the reasons that follow, both motions will be denied.

**I.**

On June 23, 2010, a grand jury returned an indictment against Movant, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (*United States v. Andrews*, No. 1:10-cr-171, ECF No. 1.) Following a two-day trial, a jury convicted Movant of this offense. (Verdict, *id.* at ECF No. 33, PageID.104.) During sentencing, Movant's attorney noted several objections, including the Court's consideration of enhanced penalties under the Armed Career Criminal Act, 18 U.S.C. § 924(e). (Sentencing Tr., *id.* at ECF No. 45, PageID.434-47.) The Court sentenced Movant to 262 months in prison and 5 years of supervised release. (J., *id.* at ECF

No. 37, PageID.134-39.)  Movant appealed his conviction and sentence. (Notice of Appeal, *id.* at ECF No. 40.)  On June 21, 2012, the Court of Appeals for the Sixth Circuit affirmed his conviction and sentence (Order, *id.* at ECF No. 50), and issued its mandate on July 17, 2012 (Mandate, *id.* at ECF No. 51).  Movant filed an unsigned § 2255 petition on February 12, 2016.  (ECF No. 1.)  Movant also filed a memorandum in support on March 18, 2016.  (ECF No. 6.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C. § 2255(f)(1).  To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982).  An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504.  An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

2

### III.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides a one-year limitation period to file a motion under § 2255, which runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. A judgment becomes final 90 days after an appellate court issues its mandate. *Clay v. United States*, 537 U.S. 522, 525 (2003). Here, because the Sixth Circuit issued its mandate on July 17, 2012, the judgment became final on October 15, 2012. Thus, Movant had until October 15, 2013, to timely file his § 2255 motion. Movant did not file until February 12, 2016.

Movant argues that his petition is timely because he discovered new evidence. (ECF Nos. 1, 6.) When a petitioner discovers new evidence, a motion must be filed within one year of the "date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). But Movant does not cite any newly-discovered evidence in his petition. Rather, Movant alleges a new legal theory. Section 2255(f)(4) applies only to the discovery of new facts, not to new legal theories. *Taylor v. United States*, 518 F. App'x 348, 349-50 (6th Cir. 2013) (holding that "discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)").

The AEDPA's statute of limitations is subject to equitable tolling. *See McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003); *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). A petitioner who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The doctrine of equitable tolling is, however, used "sparingly," typically "only when a litigant's failure to meet a

legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). Although the Court should not be rigid in its application of this doctrine, *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013), a movant's "'ignorance of the law is not sufficient to warrant equitable tolling.'" *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)); *see also Solomon v. United States*, 467 F.3d 928, 941 (6th Cir. 2006) ("[R]easonableness of an accused's ignorance of the law should have no relevance in the collateral review of criminal convictions.").

Movant requests that the Court apply equitable tolling because his appellate counsel failed to inform him of the Sixth Circuit's ruling and he attempted to fully assert his rights by contacting the Sixth Circuit himself. (ECF No. 6, PageID.43.) Movant contends that he wrote a letter to the Sixth Circuit Clerk in 2013, a year after he filed his appeal. In his affidavit, Movant admits that he received a letter from the clerk around August 2013. (ECF No. 6-2, PageID.58.) But Movant does not indicate anything that he did from August 2013 to 2016—when he filed this motion—to show that he diligently pursued his rights.

Generally, to qualify as an extraordinary circumstance, a petitioner must show more than *pro se* status or limited access to a law library. *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012). The Court may consider a combination of factors, which on their own may not be sufficient, to find extraordinary circumstances. One of these contributing factors is whether a petitioner lost control over his legal materials. *See Solomon*, 467 F.3d at 934-35 (6th Cir. 2006) (holding that the transfer of petitioner without his legal materials and poor prison communication contributed to application of equitable tolling); *cf. Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751-52 (6th Cir. 2011)

(distinguishing *Solomon* because there was no evidence that petitioner was separated from his legal materials).

Movant has not shown an extraordinary circumstance arising from circumstances beyond his control. Movant argues that he lost a majority of his legal case file while proceeding through the Bureau of Prisons transit. (ECF No. 6, PageID.44.) He indicates that, around April 2014, he "was placed in segregational (sic) confinement without any of [his] personal property ever inventoried including all of the legal documents from [his] case file." (ECF No. 6-2, PageID.58.) He further explains that he was transferred again in August 2014, which is when he discovered that most of his legal case file was missing or destroyed. (*Id.* at PageID.59.) Yet the AEDPA's one-year period of limitations had already expired by August 2014. Moreover, Movant has not alleged anything else to show an extraordinary circumstance existed beyond his control. Even if Movant had shown that he lost some of his legal files before the AEDPA's limitation period lapsed, that likely would not be enough, by itself, to constitute an extraordinary circumstance. *See Jones*, 689 F.3d at 627 ("Although any one of the above factors [including separation from legal materials and difficulty to acquire access to new legal information] may not constitute 'extraordinary circumstances' alone, the combination of all of these factors justifies applying equitable tolling[.]"). Therefore, Movant has not shown that extraordinary circumstances existed beyond his control.

Under the miscarriage-of-justice exception, a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the

petitioner].'" *Id.* at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

Here, Movant proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Movant has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under § 2255(f)(1). Therefore, his habeas petition is time-barred.

Further, a § 2255 motion is not a means for federal prisoners to obtain a "second bite of the apple" on issues that were unsuccessfully raised on appeal. *See Dupont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) ("A § 2255 motion may not be used to re-litigate an issue that was raised on appeal absent highly exceptional circumstances."). The Sixth Circuit has already rejected Movant's argument that his juvenile adjudication for assault with a dangerous weapon does not qualify as a predicate offense for purposes of the Armed Career Criminal Act ("ACCA"). *United States v. Andrews*, No. 11-1415, at 3 (6th Cir. June 21, 2012). Applying the categorical approach announced in *Taylor v. United States*, 495 U.S. 575, 600 (1990), the court held that Movant's juvenile conviction qualified as a predicate offense under the ACCA. The Sixth Circuit relied on the petition and order of disposition, as permitted by *Shepard v. United States*, 544 U.S. 13, 26 (2005), to determine that Movant's prior adjudication was a violent felony. *Id.* Movant has not

persuaded this Court that truly exceptional circumstances justify reexamining an issue already resolved against him.

Likewise, although Movant does not directly raise a claim arising from the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Court will consider the merits of whether Movant's prior assault with a dangerous weapon still qualifies as a violent felony under the ACCA even apart from the "residual clause." *Id.* at 2563. The Circuit's decision affirming the conviction and enhanced ACCA sentencing dealt only with juvenile aspects of this predicate conviction, not the new potential issue under *Johnson*.

*Johnson* does not call into question the "elements" clause of the definition of a "violent felony," *id.*, so it remains in full force:

> '[A]ny crime punishable by imprisonment for a term exceeding one year . . . that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another. . . .'

*United States v. Walker*, No. 12-cr-20388, 2017 WL 131554, at *2 (E.D. Mich. Jan. 13, 2017) (quoting 18 U.S.C. § 924(e)). Movant pleaded guilty to assaulting two people while being armed with a pistol, in violation of Michigan Compiled Laws § 750.82. *Andrews*, No. 11-1415, at 3 (6th Cir. June 21, 2012). If Mich. Comp. Laws § 750.82 qualifies as a violent felony under the "elements" clause, Movant would have no viable *Johnson* claim. Movant's two other predicate convictions were "serious drug offenses" under § 924(e), and *Johnson* has no arguable bearing on them.

The Michigan statute provides:

> [A] person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intending to commit murder

7

      or to inflict great bodily harm less than murder is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $2,000.00 or both.

*Walker*, 2017 WL 131554, at *2 (quoting Mich. Comp. Laws § 750.82(1)). No further Michigan statute defines "assault" in this context, but case law establishes two types of assault, either of which is sufficient to support conviction: either (1) assault with intent to injure; or (2) assault with intent to place the victim in reasonable fear of immediate battery. *Id.* (referencing *People v. Avant*, 597 N.W. 2d 864, 869 (Mich. Ct. App. 1999)).

      Either pathway categorically satisfies the "elements" prong of the ACCA and qualifies as a "violent felony" apart from the residual clause. The first way to violate this statute—assaulting a victim using a dangerous weapon with "intent to injure—obviously meets the definition of 'the use, attempted use, or threatened use of physical force against the person of another.'" *Id.* at *3 (quoting § 924(e)); *see also United States v. Mosley*, 339 F. App'x 568 (6th Cir. 2009) (holding that "defendant's prior conviction for felonious assault is defined as including the use, attempted use, or threatened use of physical force against the person of another"). Similarly, the second way to violate statute—acting with intent to place the victim in reasonable apprehension of an immediate battery, by using a deadly weapon—also qualifies as violent force. *Id.* The Sixth Circuit has recently held that even the "offensive touching" type of battery becomes violent force when an element of the crime requires the use of a deadly weapon. *United States v. Rafidi*, 829 F.3d 437, 445-46 (6th Cir. 2016). The court opined that, as long as the defendant commits the act by intentionally causing physical contact—even if the contact is not in itself capable of causing physical pain or injury—the required element of use of a deadly weapon elevates a lower degree of physical force into violent force, such that it qualifies as a violent felony. *Id.* at 446 (citing *Johnson v. United States*, 559 U.S.

8

133, 140 (2010), and *United States v. Rede-Mendez*, 680 F.3d 552, 558 (6th Cir. 2012)). If a defendant intentionally places someone in apprehension of a battery, even if consummated by the slightest touching, that qualifies as a violent felony. *Walker*, 2017 WL 131554, at *4. Thus, because the Michigan statute has as an element the use, attempted use, or threatened use of physical force against the person of another, it is properly counted as a violent felony, and Movant has no possible *Johnson* claims. *Id.*

### IV.

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon him by this Court will be denied. Because the Court finds that the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), no evidentiary hearing is required. Therefore, the Court will deny Movant's motion to expand the record and conduct discovery. (ECF No. 17.)

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed Movant's claim on statute-of-limitations grounds. "Where a plain

procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Movant a certificate of appealability.

      A judgment and order will enter in accordance with this opinion.


Dated:    March 22, 2017            /s/ Robert J. Jonker
                                                  ROBERT J. JONKER
                                                  CHIEF UNITED STATES DISTRICT JUDGE